**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PULSEWORKS, LLC and**
**ENTERTAINMENT HOLDINGS, LLC,**
                              **Plaintiffs,**

**-vs-**                                      **Case No.  6:10-cv-1675-Orl-28GJK**

**SIMWORX LIMITED, TERRY MONKTON,**
**and ANDREW ROBERTS,**

                              **Defendants.**
_____

## TEMPORARY RESTRAINING ORDER and NOTICE OF HEARING

THIS CAUSE came on to be heard on the Emergency Motion for Temporary

Restraining Order filed by Plaintiffs, Pulseworks, LLC and Entertainment Holdings, LLC,

(collectively "Plaintiffs") pursuant to Fed. R. Civ. P. 65(b) and Local Rule 4.05, against

Defendants, Simworx Limited, Terry Monkton and Andrew Roberts (collectively

"Defendants"). Upon review of the Verified Complaint and being otherwise informed in the

premises, the Court hereby makes the following findings of fact:

1. Plaintiffs previously entered into a license agreement with Defendants which

permitted Defendants to use certain intellectual property belonging to Plaintiffs for five years.

(Ex. A to Complaint, Doc. 1).

2. The five-year License Agreement has expired by its own terms, if it was not

previously terminated, such that Defendants must cease use of the names and products

belonging to Plaintiffs.

3. There is reason to believe Defendants will display those names and products

at the International Association of Amusement Parks and Attractions ("IAAPA") convention in Orlando, Florida during the week of November 14, 2010, based on the Defendants' website, their prior exhibit booth, and their failure to respond to a cease and desist letter.

4. Plaintiffs have made a prima facie showing that they have a substantial likelihood of succeeding on the merits of their case and that they will suffer irreparable harm if Defendants are permitted to display those names and products at the IAAPA convention.

5. The potential harm to Defendants is outweighed by the irreparable harm to Plaintiffs, and Plaintiffs have presented adequate reasons why notice cannot be given.

6. Plaintiffs have a clear legal right to the relief requested.

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' Motion for Temporary Restraining Order (Doc. 2) is **GRANTED**.

2. Each and all of the Defendants, including their officers, agents, servants, employees and those persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from directly or indirectly disseminating at the IAAPA trade show in Orlando, Florida, or anywhere else in this judicial district for the next 14 days, any information about the Morphis 20, Morphis ESP, FX-2 and Seat Rally simulator products. This prohibition from disseminating information includes all communications, whether oral, written or non-verbal, and all illustrations and displays, whether printed or electronic.

3. The United States Marshal is hereby directed to seize all copies of any materials that Defendants are displaying, whether on paper, on a trade show exhibit, or

otherwise, that incorporate or reference the Morphis 20, Morphis ESP, FX-2 and Seat Rally simulator products.

4. Plaintiffs are ordered to post a bond instanter in the amount of $50,000.

5. In accordance with Federal Rule of Civil Procedure 65 and Local Rule 4.05, the Court sets a hearing on **Monday, November 29, 2010, at 11:00 a.m. before the Honorable John Antoon II in Courtroom 6B, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida**, for consideration of whether a preliminary injunction extending this restraining order beyond fourteen days shall be entered.

6. Defendants may move to dissolve or modify this restraining order at any time pursuant to Rule 65(b), Federal Rules of Civil Procedure.

7. Pursuant to Middle District of Florida Local Rule 4.05(b)(5), the Plaintiffs are directed to obtain immediate service of process upon the Defendants in the manner set forth in Federal Rule of Civil Procedure 4. Service shall include all papers that have been filed in this action, as well as any additional affidavits or other papers upon which Plaintiffs intend to rely in seeking to convert the temporary restraining order into a preliminary injunction.

8. This Court retains jurisdiction of this cause to enforce the terms of this Temporary Restraining Order.

**DONE** and **ORDERED** in Orlando, Florida this 12th day of November, 2010.

Copies furnished to:
Counsel of Record
Unrepresented Party
United States Marshal

JOHN ANTOON II
United States District Judge